IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES CALHOUN-EL, #160083    *

Plaintiff    *

v    *    Civil Action Case No. RDB-09-3085

GARY MAYNARD and    *
CORRECTIONAL MEDICAL SERVICES,
INC.    *

Defendants    *
    ***

## MEMORANDUM OPINION

Pending is a complaint under 42 U.S.C. § 1983 filed pro se by James Calhoun-El, an inmate at the North Branch Correctional Institution, against Gary Maynard, Secretary of the Maryland Department of Public Safety and Correctional Services[1] and Correctional Medical Services ("CMS"). Counsel for CMS has filed a Motion to Dismiss or, in the Alternative, for Summary Judgment to which Calhoun-El has filed a reply. For the reasons that follow, the claims against Secretary Maynard and CMS will be DISMISSED.

### I. BACKGROUND

On November 16, 2009, Calhoun-El filed this action alleging that: correctional officers denied him medically prescribed meals; prison meals do not meet hot and cold food temperature standards, causing him "suffering and discomfort, in violation of the Eighth Amendment; and prison dining areas have sealed windows and lack fans and the temperatures reach about 85 degrees farenheit. Calhoun-El, who suffers from diabetes and hypertension, was recommended a fan and ordered to eat his meals in his cell for thirty days. He claims that he was not permitted

---

[1] Service has not been effectuated on Gary Maynard. For reasons provided herein, Calhoun-El has failed to state a cognizable claim against Maynard and service is unnecessary. *See* 42 U.S.C. § 1915A.

to eat his meals in his cell.[2]

On December 11, 2009, Calhoun-El supplemented the Complaint to allege that on November 10, 2009, he ran out of "high blood pressure pills," diabetic pills, heart pills, eye drops, Metamucil, pain pills, Zantac, and foot cream. Paper No. 4. On December 23, 2009, Calhoun sought to add a claim against Dr. Ben Oteyzw, M.D. for discontinuing his pain medication. Paper No. 6.[3]

## II. STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed.R.Civ.P. 8(a). Although this Court is mindful that Calhoun-El is a pro se litigant and the Complaint will be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted, *see* Fed. R.Civ.P. 12(b) (6), and therefore a Rule 12(b) (6) motion tests the legal sufficiency of a complaint.

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief

---

[2] Calhoun-El, a frequent pro se litigant in this court, also has civil rights proceedings pending in *Calhoun-El v. Maynard, et al.*, Civil Action No. RDB-09-2470 (D. Md) and *Calhoun-El v. Maynard, et al.*, Civil Action No. RDB-10-765 (D. Md).

[3] Calhoun-El is reminded that he may not introduce new claims in his reply or after filing of a responsive pleading or without leave of court. The Federal Rules of Civil Procedure provide in pertinent part:

> 1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>    (A) 21 days after serving it, or
>    (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15 (a)

2

that is plausible on its face." *Bell Atlantic. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" in order to survive a motion to dismiss. *Id.* at 555.

To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Id.* On a spectrum, the Supreme Court has recently explained that the plausibility standard requires that the pleader show more than a sheer possibility of success, although it does not impose a "probability requirement." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id.*

### III. DISCUSSION

#### A. Claims against Secretary Maynard

To the extent Calhoun-El sues Secretary Maynard in his official capacity as Secretary of the Maryland Department of Public Safety and Correctional Services, the Eleventh Amendment immunizes states from suit brought in federal court absent waiver from the state or a clear congressional exercise of its power under the Fourteenth Amendment. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 66 (1989). State departments and agencies considered to be "arm[s] of the state" are amenable suit. *See Mt. Healthy City School District. Board of Education. v. Doyle*, 429 U.S. 274, 280 (1977). The Department of Public Safety and

Correctional Services is a state department and is immune from suits in federal court by citizens. *See Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984); *Clark v Department of Public Safety and Correctional Services*, 316 Fed. Appx. 279, 282 (4th Cir. 2009) (unpublished). The State of Maryland has not waived its immunity under the Eleventh Amendment to such suits.

Further, Calhoun-El does not allege that Maynard had any personal involvement in the alleged incidents. It appears that Calhoun-El has named Maynard as a defendant premised on a theory of respondeat superior or vicarious liability. The doctrine of respondeat superior generally is inapplicable to § 1983 suits; thus, an employer or supervisor is not liable for the acts of his employees unless an official policy or custom results in the illegal action. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro. Area Transit Authority*, 690 F.2d 1133, 1142-43 (4th Cir.1982). Calhoun-El, a frequent pro se litigator in this Court, does not allege that Maynard was responsible for or was personally involved in violations of constitutional dimension. Accordingly, Maynard is entitled to judgment as a matter of law in both his individual and official capacities.

### B. Claims against CMS

CMS is a private corporation that contracts with the State of Maryland to provide medical services to inmates in certain state facilities, administering health care only through its agents and employees. As noted above, respondeat superior does not apply to § 1983 claims. *See Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 727-28 (4th Cir.1999); *Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir.1982). Because vicarious liability does not apply in a § 1983 action, the claims against CMS must be dismissed.

Additionally, Calhoun-El fails to advance claims of constitutionally inadequate medical care. To bring an Eighth Amendment medical claim, two elements must be shown. First, there must be a serious medical condition. *See Hudson v. McMillian*, 503 U.S. 1, 9, (1992); *Estelle v. Gamble*, 429 U.S. 97, 105, (1976); *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir.1995); *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998). Second, deliberate indifference by a defendant must be demonstrated. *See Wilson v. Seiter*, 501 U.S. 294, 303 (1991) (holding that claims alleging inadequate medical care are subject to the "deliberate indifference" standard outlined in *Estelle*, 429 U.S. at 105-06). "[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Medical personnel "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw the inference." *Id.* at 837. "[A]ny negligence or malpractice on the part of ....doctors in missing [a] diagnosis does not, by itself, support an inference of deliberate indifference." *Johnson v. Quinones* 145 F.3d at 166. Deliberate indifference requires conscious disregard of a substantial risk of serious harm, or that treatment was "so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). An inmate's disagreement with medical providers about the proper course of treatment for a condition does not support an Eighth Amendment cause of action. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *Wester v. Jones*, 554 F.2d 1285 (4th Cir. 1977); *Russell v. Sheffer*, 528 F.2d 318 (4th Cir. 1975).

Although Calhoun –El does not name Dr. Oteyza as a defendant in this proceeding,

5

Defendant's exhibits suggest that Calhoun-El's allegations against him are based upon disagreement over the course of medical treatment rather than deliberate indifference [4] In sum, Calhoun-El's allegations do not amount to claims of constitutional dimension and do not support a claim under § 1983.

IV.   CONCLUSION

The Complaint will be dismissed pursuant to Rule 12(b) (6). A separate Order follows.

June 4, 2010
Date

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[4] CMS has filed verified exhibits attesting that Calhoun-El is monitored for his various health conditions, has been provided certain medications to keep on his person, and did not exhibit after examination by Dr. Oteyza a need for the pain medication. Medical records show that Calhoun-El refused other medications offered. CMS Exhibit A; *see also* Exhibit B, pp. 10-12, 15-16, 24.

6